PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ARTHUR RENOWITZKY

Katherine R. Moore, Esq. (SBN 199808)
Charles P. Stone, Esq. (SBN 224897)
LAW OFFICE OF KATHERINE R. MOORE
A Professional Corporation
600 Allerton Street, Suite 202
Redwood City, CA 94063
Telephone (650) 995-7312
Facsimile (650) 995-7862
kate.moore@katemoorelaw.com

Attorneys for Defendants,
Driscoll's Valencia Street Serra Mortuary and Sierra Enterprises, Inc

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ARTHUR RENOWITZKY,

Plaintiff,

v.

DRISCOLL'S VALENCIA STREET SERRA MORTUARY; SIERRA ENTERPRISES, INC.,

Defendants.

Case No. 4:21-cv-02645-YGR
Civil Rights

**CONSENT DECREE AND ~~[PROPOSED]~~ ORDER FOR INJUNCTIVE RELIEF FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**

Action Filed: April 13, 2021

1. Plaintiff ARTHUR RENOWITZKY filed a Complaint in this action on April 13, 2021, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants DRISCOLL'S VALENCIA STREET SERRA MORTUARY; SIERRA ENTERPRISES,

INC. Defendants appear and accept the jurisdiction of the Court for all purposes, including execution and enforcement of this agreement. Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code, and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to patrons of the Funeral Parlor located at 1465 Valencia Street, San Francisco, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards

for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

a. **Physical Remedial Measures and Administrative Procedures:** Defendants have agreed to and represent that they have remedied all access barriers within the restroom and the parking lot encountered by Plaintiff that gave rise to this suit.

b. Defendants represent that they are in the process of selling the property and shutting down the mortuary at the subject premises. Accordingly, when Defendants sell the property, Defendants shall supply a copy of the CASp report of Rick Holleran, attached as Exhibit A, to any successors in interest so that they may voluntarily choose or not choose, at their own discretion, to fix additional barriers detailed in that report.

c. **Timing:** If Defendants do not sell the property, and also do not cease operation of the mortuary on or before January 1, 2023, then Defendants agree to perform all additional remedial work specified the report on or before June 1, 2023. If Defendants either sell the property or operations of Driscoll's Valencia Street Serra Mortuary ceases at the subject facility, then Defendants will not be responsible for these additional repairs.

b. If unforeseen difficulties, including any delays in the permitting process or as a result of the building department, prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within that time

period, Plaintiff may seek enforcement by the Court.

c. Defendants or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than June 1, 2023 Defendants agree to notify Plaintff as to the date of any sale of the premises within 30 days of the sale.

d. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek an order directing the Defendants to pay Plaintiff's reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

6. Defendants agree to pay Plaintiff a total of $50,000 for Plaintiff's damages, attorney fees, litigation expenses, and costs. The damages, attorney fees, litigation expenses and costs shall be paid by two separate wire transfer to Plaintiff's Counsel's trust account payable to "REIN & CLEFTON IN TRUST FOR ARTHUR RENOWITZKY." The payment shall wired to Plaintiff's counsel's IOLTA trust account on or before October 1, 2021. Plaintiff's counsel shall provide specific wiring instructions separately.

**ENTIRE CONSENT DECREE AND ORDER:**

7. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation

expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

9. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT**

**THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: 9/24, 2021

PLAINTIFF ARTHUR RENOWITZKY

ARTHUR RENOWITZKY

Dated: ____________, 2021

DEFENDANT DRISCOLL'S VALENCIA STREET SERRA MORTUARY

By: ____________
Print name: ____________
Title: ____________

Dated: ____________, 2021

DEFENDANT SIERRA ENTERPRISES, INC.

By: ____________
Print name: ____________
Title: ____________

Approved as to form:

Dated: 9/24, 2021

REIN & CLEFTON

By: AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
ARTHUR RENOWITZKY

Dated: 10/5, 2021

LAW OFFICE OF KATHERINE R. MOORE

By: KATHERINE R. MOORE, Esq.
Attorneys for Defendants
DRISOLL'S VALENCIA STREET SERRA MORTUARY; SIERRA ENTERPRISES, INC.

Dated: ____________, 2021

PLAINTIFF ARTHUR RENOWITZKY

______________________________
ARTHUR RENOWITZKY

Dated: 9-27-, 2021

DEFENDANT DRISCOLL'S VALENCIA STREET SERRA MORTUARY

By: [signature]
Print name: Daniel M. Duggan
Title: Funeral Director

Dated: 9-27, 2021

DEFENDANT SIERRA ENTERPRISES, INC.

By: [signature]
Print name: Daniel M. Duggan
Title: Officer

Approved as to form:

Dated: ____________, 2021

REIN & CLEFTON

______________________________
By: AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
ARTHUR RENOWITZKY

Dated: ____________, 2021

LAW OFFICE OF KATHERINE R. MOORE

______________________________
By: KATHERINE R. MOORE, Esq.
Attorneys for Defendants
DRISOLL'S VALENCIA STREET SERRA MORTUARY; SIERRA ENTERPRISES, INC.

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: October 13 , 2021

Honorable Yvonne Gonzalez Rogers
U.S. District Court Judge